IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **THERESA ANGELA SANDERSON,** et al., | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) CIVIL ACTION 07-0559-WS-B ) |
| **DAIMLER CHRYSLER MOTOR CORPORATION,** | ) ) ) ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on the plaintiffs' motion to remand. (Doc. 7). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 8, 10, 13), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion is due to be denied.

The complaint alleges that a vehicle being driven by plaintiff Theresa Sanderson struck a light pole and that, because the air bag did not deploy, she suffered "serious and permanent disfigurement and scarring to her face and body." (Complaint, ¶¶ 4-5). The complaint seeks compensatory and punitive damages in an amount exceeding the $10,000 jurisdictional threshold of Alabama circuit courts. The defendant timely removed on the basis of diversity. The plaintiffs concede that the parties are of diverse citizenship, but they argue that "there is no evidence" before the Court that the amount in controversy exceeds $75,000. (Doc. 8 at 1).

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional amount." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*,

*Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  The only evidence presented by the defendant is a sampling of products liability cases in which the plaintiff was awarded more than $75,000, and a letter from defense counsel asking plaintiffs' counsel to confirm that Theresa Sanderson is seeking more than $75,000 and stating that he would construe silence as providing that confirmation.  (Doc. 1 at 3-4 & Exhibit B).  Neither results in other cases[1] nor silence in the face of a demand to clarify damages[2] is adequate to establish the amount in controversy.

The plaintiffs assume this is the end of the matter, but they have overlooked the critical first step in the analysis.  "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *accord Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.").  Certain injuries are by their nature so substantial as to make it readily apparent that the amount in controversy requirement is satisfied.  For example, an allegation in a complaint that the plaintiff was rendered a

---

[1]*See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1220-21 (11th Cir. 2007) (the value of other tort claims could not be considered because it was not received from the plaintiffs and, at any rate, "we question whether such general evidence is ever of much use in establishing the value of claims in any one particular suit."); *Federated Mutual Insurance Co. v. McKinnon Motors LLC,* 329 F.3d 805, 809 (11th Cir. 2003) ("[M]ere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [the defendant's] assertion" that the amount in controversy exceeded $75,000).

[2]*See Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (a plaintiff's "refus[al] to stipulate that her [claims] do not exceed and will not exceed the sum of $75,000.00 ... standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue," because "[t]here are several reasons why a plaintiff would not so stipulate").

paraplegic would render the case removable, even if the complaint did not expressly demand over $75,000, and even if it was silent as to medical expenses, pain and suffering, mental anguish and lost income. In such cases, the description of the injury itself demonstrates that the amount in controversy "more likely than not exceeds the ... jurisdictional amount."

This is one of those cases. As the defendant notes,[3] the complaint alleges that Theresa Sanderson has experienced "serious and permanent disfigurement and scarring to her face and body." This allegation establishes, for purposes of the jurisdictional inquiry, that Sanderson's facial appearance — around which members of the human race base much of their self-concept — has been badly damaged and that the damage will last a lifetime. Whether or not she undergoes surgery, and whether or not she loses income, Sanderson has experienced a shattering loss that few would be willing to share at any price. The Court concludes that the complaint of its own force is sufficient to meet the defendant's burden of establishing that the amount in controversy more likely than not exceeds $75,000.[4]

For the reasons set forth above, the plaintiffs' motion to remand is **denied**.

DONE and ORDERED this 9th day of October, 2007.

> s/ WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE

---

[3](Doc. 1 at 3; Doc. 10 at 1 n.1).

[4]Because Theresa Sanderson's claim exceeds $75,000, it is irrelevant whether her husband's claim for loss of consortium does as well. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 558-59 (2005) (if the claims of one plaintiff exceed the jurisdictional threshold, the claims of other plaintiffs may in a proper case be retained pursuant to supplemental jurisdiction).